**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**NICOLO EVOLA LOGIUDICE, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                                            **NO. 10-3213**

**NELSON COLEMAN**                                                       **SECTION "N"(3)**
**CORRECTIONAL CENTER, ET AL.**


### REPORT AND RECOMMENDATION

Plaintiff, Nicolo Evola Logiudice, Jr., filed this civil action against the Nelson Coleman

Correctional Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center.  He

appears to be seeking relief pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

Specifically, plaintiff appears to contend that, while he was incarcerated, he (1) was not protected

from other inmates, (2) was wrongly disciplined, (3) was the victim of excessive force, and (4) was

given improper medical treatment.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law

provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that the complaint be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Even if plaintiff's claims are not otherwise barred, which is by no means apparent,[2] the instant complaint is subject to dismissal because he has failed to name a proper defendant. The only defendants listed on the complaint are the Nelson Coleman Correctional Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center. However, a prison is a building, not a "person" subject to suit under 42 U.S.C. § 1983. Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, Civ. Action No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, Civ. Action No. 09-7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Nelson Coleman Correctional Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center be

---

[2]    It appears that some, if not all, of plaintiff's claims are prescribed. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Once a federal cause of action accrues, a plaintiff must then assert his claim within the applicable limitations period. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith, 2008 WL 2951279, at *1; La. Civ. Code Ann. art. 3492. The only date referenced in the complaint is April 14, 2009. However, plaintiff did not file this action until September, 2010, well over one year after that date. Prescribed claims are considered legally frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

**DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this thirtieth day of September, 2010.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[3]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.