U. S. DISTRICT COURT
Eastern District of Louisiana

FILED AUG - 3 2011

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLO EVOLA LOGIUDICE, JR. | CIVIL ACTION |
| VERSUS | NO. 10-3213 |
| NELSON COLEMAN CORRECTIONAL CENTER, ET AL. | SECTION "N" (3) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SUPPLEMENTAL AND AMENDED COMPLAINT

NOW INTO COURT, comes plaintiff, Nicolo Evola Logiudice, Jr., a person of the full age of majority and citizen of the State of Louisiana and the United States of America, who hereby submits the following supplemental and amended complaint to this Honorable Court:

### JURISDICTION

1. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. 1331 and 1343. This is an action authorized by 42 U.S.C. 1981, *et seq.*, to redress the deprivation under color of law, statute, ordinance, regulation, custom, and/or usage of rights guaranteed the plaintiff by the Eighth Amendment to the United States Constitution.

### PARTIES

2. Plaintiff, NICOLO EVOLA LOGIUDICE, JR., a person of the full age of majority, residing and domiciled in the Parish of Jefferson, State of Louisiana;

3. Defendant, STATE OF LOUISIANA, THROUGH THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, a municipality organized under the laws of the State of Louisiana with capacity to sue and be sued;

4. Defendant, CAPTAIN ROLAND LADREYT, in his official capacity as warden of the St. Charles Parish Nelson Coleman Correctional Center in Killona, Louisiana;

5. Defendant, HOWARD PRINCE, in his official capacity as warden of Elayn Hunt Correctional Center in St. Gabriel, Louisiana;

6. Defendant, TERRY TERRELL, in his official capacity as warden of Allen Correctional Center in Kinder, Louisiana ;

7. Defendant, JASON ASBILL, in his official capacity as a deputy at the St. Charles Parish Nelson Coleman Correctional Center in Killona, Louisiana;

8. Defendant, TIFFANY MORALES, in her official capacity as a classification officer at the St. Charles Parish Nelson Coleman Correctional Center in Killona, Louisiana;

9. Defendant, SETH SMITH, in his official capacity as deputy warden for health care services at Elayn Hunt Correctional Center in St. Gabriel, Louisiana;

10. Defendant, HEAD PSYCHIATRIST JOHN DOE, in his official capacity as head psychiatrist at Elayn Hunt Correctional Center in St. Gabriel, Louisiana;

11. Defendant, NURSE PRACTITIONER JANE DOE, in her official capacity as a nurse practitioner at Elayn Hunt Correctional Center in St. Gabriel, Louisiana;

12. Defendant, PSYCHOLOGIST JOHN DOE, in his official capacity as a psychologist at the Allen Correctional Center in Kinder, Louisiana;

13. Defendant, PSYCHIATRIST JOHN DOE, in his official capacity as a psychiatrist at the Allen Correctional Center in Kinder, Louisiana; and

14. Defendant, MEDICAL DOCTOR JANE DOE, in her official capacity as a medical doctor at the Allen Correctional Center in Kinder, Louisiana.

## SUMMARY OF THE CASE

15. This is an action against the defendant, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, its' agents and assigns, by Nicolo Evola Logiudice, Jr., a private citizen whose rights, privileges, and immunities that are guaranteed to all inmates, were denied under color of law by the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, through direct, intentional, and negligent acts while incarcerated at St. Charles Parish Nelson Coleman Correctional Center, Elayn Hunt Correctional Center, and Allen Correctional Center beginning November 5, 2008 thru October 1, 2009.

## FACTS AND CAUSES OF ACTION

16. On or about November 5, 2008 thru October 1, 2009, plaintiff was incarcerated at St. Charles Parish Nelson Coleman Correctional Center, Elayn Hunt Correctional Center, and Allen Correctional Center.

17. While incarcerated at all three (3) facilities, plaintiff was denied "adequate" medical care for the treatment of an illness borne while incarcerated as well as his pre-existing bi-polar condition.

18. Specifically, the State of Louisiana, through the Louisiana Department of Public Safety and Corrections failed to provide the appropriate psychiatric counseling and drug therapy to plaintiff that is necessary for an individual who has been diagnosed with bi-polar disorder.

19. The State of Louisiana, through the Department of Public Safety and Corrections, further failed to provide "adequate" medical care to an illness borne while incarcerated by failing to properly transfer plaintiff's medical records to subsequent correctional centers where plaintiff

was housed, thereby debilitating the level of effective medical care – both physical and psychological – that could be rendered to plaintiff.

20. Furthermore, plaintiff was subjected to "cruel and unusual" punishment, in violation of plaintiff's Eighth Amendment right, when plaintiff was placed in a cell at Elayn Hunt Correctional Center with a fellow inmate whose classification dictated that he was a threat to other inmates and therefore should be housed alone.

21. As a result of this placement, plaintiff was assaulted on two (2) occasions by said inmate.

## DAMAGES

22. Plaintiff, Nicolo Evola Logiudice, Jr., has suffered irreparable harm from the defendants' policies, practices, procedures, and customs as mentioned heretofore. The conduct of the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and their employees deprived the plaintiff of equal protection under the law and constituted deliberate indifference towards his safety and welfare.

23. As a direct and proximate result of the acts and omissions of the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and its employees, plaintiff, Nicolo Evola Logiudice, Jr., has been injured in his person and property, and is entitled to damages in an amount greater than $100,000 for:

   a. Physical pain and suffering;

   b. Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright, and intimidation;

   c. Deprivation of rights, privileges, and immunities secured to plaintiff;

   d. Punitive and exemplary damages to be assessed in the nature of a fine to ensure that such conduct as was used to victimize plaintiff is not used in the future against other inmate;

e. All other damages to be shown at trial.

## RELIEF

WHEREFORE, plaintiff, Nicolo Evola Logiudice, Jr., prays that this supplemental and amending complaint be filed and that after due proceedings had, there be judgment rendered herein in their favor and against defendant, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, in an amount that exceeds One Hundred Thousand Dollars and No/100 ($100,000.00) in compensatory, punitive, general and special damages, and for such other relief as this court may deem just and appropriate.

FURTHER, plaintiff prays for all costs and expenses incurred in this litigation, and reasonable attorney's fees pursuant to 42 U.S.C. 1988.

FURTHER, plaintiff prays for and demands trial by jury as to all issues.

FURTHER, plaintiff renews and reiterates all of the allegations (as amended herein) and all of the prayers of the original complaint.

Respectfully submitted,

_____
NICOLO E. LOGIUDICE, JR.
In Proper Person
1717 Nero Street
Metairie, Louisiana 70005
Phone: (504) 442-3035

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been furnished to all counsel of record and all interested parties, by depositing same in the United States mail, postage prepaid and properly addressed, this 3rd day of August, 2011.

_____
NICOLO E. LOGIUDICE, JR.