UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLO EVOLA LOGIUDICE, JR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-3213 "N" (3) |
| | * | |
| NELSON COLEMAN | * | JUDGE ENGELHARDT |
| CORRECTIONAL CENTER, ET AL | * | |
| | * | MAG. JUDGE KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**

**MAY IT PLEASE THE COURT:**

Defendant State of Louisiana, through the Department of Public Safety and Corrections (DPSC), respectfully moves this Honorable Court for dismissal with prejudice of all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons explained herein.

**I.    STANDARD OF REVIEW**

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1974 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin

>to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949-1950 (2009) (*citing* Twombly, 550 U.S. 544,127 S.Ct. 1955; Fed. Rule Civ. Proc. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-1965; s*ee also* O'Brien v. DiGrazia, 544 F.2d 543, 546, n. 3 (C.A.1 1976) (The courts should not "conjure up unpleaded facts that might turn a frivolous claim of unconstitutional official action into a substantial one."). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S.Ct. at 1965 (*internal citations omitted).* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Iqbal, 556 U.S. ----, 129 S.Ct. at 1949-1950 (*citing* Twombly, 127 S.Ct. 1955; Fed. Rule Civ. Proc. 8(a)(2)).

## II.    PLAINTIFF SEEKS RELIEF ONLY FROM DPSC.

Plaintiff's supplemental and amended complaint clearly reflects plaintiff's original and consistent intent to sue and recover only from the State of Louisiana, through the Department of Public Safety and Corrections.

In his original lawsuit, plaintiff joined three prisons as defendants: the Nelson Coleman Correctional Center, Elayn Hunt Correctional Center, and Allen Correctional Center.  He sued neither an entity nor a person with the capacity to sue or be sued.  His original lawsuit was, thus, properly dismissed in its entirety as frivolous.  However, the plaintiff claimed that he wished to sue individuals.  See Rec. Doc. 5; 15.  The Fifth Circuit reversed the dismissal of plaintiff's suit to give him the opportunity to sue individuals.  Rec. Doc. 15, 16.  Despite this opportunity, the plaintiff's amended complaint names individuals but seeks relief only from the State of Louisiana, through the Department of Public Safety and Corrections.

In the Supplemental and Amended Complaint, plaintiff names as defendants six (6) individual officials of the various prisons at which he was incarcerated.  He further lists five (5) anonymous officials of these facilities.  Each of these eleven (11) individuals is sued in his or her official capacity only.  Beyond the delineation of named "individuals" no named or anonymous person is mentioned in any other part of the plaintiff's Amended Complaint.  The "facts and causes of action"

section of plaintiff's complaint mentions only defendant DPSC.  See Rec. Doc. 20 pp. 3-4.  Plaintiff claims his damages were caused by DPSC and its "employees" *id* at p. 4, and; ultimately, plaintiff prays for relief *only* from DPSC.

Furthermore, DPSC was served (although no return has been filed) but neither Howard Prince nor Seth Smith has been served.  These defendants are the only named individuals who are alleged to be employees of DPSC (via their employment with the Elayn Hunt Correctional Center).

Nothing in the plaintiff's Supplemental and Amended Complaint indicates the plaintiff seeks relief from any individual person.  Rather, he seeks relief solely from the defendant he intended to sue in the first place – the State of Louisiana, through the Department of Public Safety and Corrections.

### III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DPSC BECAUSE DPSC IS NOT A "PERSON" CAPABLE OF BEING SUED UNDER 42 U.S.C. §1983.

42 U.S.C. §1983 claims may be asserted only against "persons" as the statute and case law define that term.  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).  It is well-established law that the State, its agencies, and its officers in their official capacity are not considered "persons" for purposes of 42 U.S.C. §1983.  *Id. See also* Fairley v. Stalder, 294 Fed.Appx. 805, 808-809, 2008 WL 3244022, 3 (5th Cir. 2008) ("We begin an analysis of Fairley's claim

against Stalder in his official capacity for damages under §1983 by quoting long and clearly established Supreme Court precedent on the matter: '[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.' As §1983 only provides a remedy against a 'person,' the dismissal of Fairley's §1983 claims was indisputably proper.") (*quoting* Will v. Michigan, 491 U.S. at 71).

The U.S. Fifth Circuit Court of Appeals has expressly recognized that the Department of Public Safety and Corrections is not a "person" capable of being sued under 42 U.S.C. §1983. Washington v. Louisiana, 2011 WL 1834258, 2 (5th Cir. 2011) ("The State and DPSC are not persons within the meaning of the statutes. Accordingly, the district court properly dismissed Washington's §§1983 and 1985 claims against those defendants.")

Considering the foregoing, all §1983 claims asserted against the State of Louisiana, through the Department of Public Safety and Corrections, (regardless of whether the claims are brought in federal or state court) fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

## IV. CONCLUSION

The plaintiff named eleven individual people yet seeks relief under 42 U.S.C. §1983 only from the State of Louisiana, through the Department of Public Safety and Corrections. The law is clear that DPSC is not a "person" capable of being sued under §1983. As such, plaintiff's Supplemental and Amended Complaint is as legally frivolous as his original suit against the three prisons. That being said, plaintiff's claims against DPSC may and should, at this point, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he sues only under §1983 and, as a matter of law, no relief can be granted against DPSC under that statute.

        Respectfully submitted,

        **JAMES D. "BUDDY" CALDWELL**
        **ATTORNEY GENERAL**

**BY**:  *s/Michael C. Keller*
        **MICHAEL C. KELLER (#20895) (TA)**
        **PHYLLIS E. GLAZER (#29878)**
        **ASSISTANT ATTORNEYS GENERAL**

        DEPARTMENT OF JUSTICE
        LITIGATION DIVISION
        400 Poydras Street, Suite 1600
        New Orleans, Louisiana 70130
        Telephone No.    504-599-1200
        Facsimile No.    504-599-1212
        Email: KellerM@ag.state.la.us
              GlazerP@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 14, 2011</u>, I electronically filed the foregoing using the court's CM/ECF system which will provide a notice of electronic filing to <u>All Counsel of Record</u>.  I further certify that, on this same date, a copy of the foregoing was mailed to the pro se plaintiff via Certified United States Mail.

       <u>s/Michael C. Keller</u>
       **MICHAEL C. KELLER**