UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLO EVOLA LOGIUDICE, JR. | CIVIL ACTION |
| VERSUS | NUMBER: 10-3213 |
| NELSON COLEMAN CORRECTIONAL CENTER, ET AL | SECTION: N |
| | MAGISTRATE: 3 |

............................................................................................................

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

MAY IT PLEASE THE COURT:

In support of defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), defendants direct the Court to the following:

### THE RULE 12(b)(6) STANDARD

The Rule 12(b)(6) standard focuses on what is pled within the four corners of the Complaint. All well-pled allegations must be accepted as true and all reasonable inferences drawn in favor of the plaintiff. "As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572

1

(5th Cir. 1988)." Donley v. Ordeneaux, 210 U.S. Dist LEXIS 2767 [E.D.La., Barbier, Judge]

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead specific facts, not mere conclusory allegations. Kaiser Aluminum & Chemical Sales v. Avondale Shipyards, 677 F.2d 1045 (5 Cir. 1982). Conclusory allegations or legal conclusions "masquerading" as factual allegations "…will not suffice to prevent a motion to dismiss." Johnson v. Easley, 2003 U.S. Dist. LEXIS 1372 [E.D.La., Barbier, Judge]

## PLAINTIFF'S COMPLAINT

Plaintiff, in his complaint, sues the State of Louisiana, Through the Department of Public Safety and Corrections, under 42 U.S.C. §1983 for alleged failure to provide "appropriate" psychiatric counseling and drug therapy and "adequate" medical care for an illness allegedly developed while plaintiff was incarcerated.

It is clear from the plaintiff's complaint, as amended to name individually Roland Ladreyt, Tiffany Morales, and Jason Asbill, that he seeks relief only from the State of Louisiana, Through the Department of Public Safety and Corrections for the alleged actions or inactions of the officials of Nelson Coleman Correctional Center while incarcerated there. Plaintiff does not mention any of these individuals in the fact section of his amended complaint, but only that while incarcerated at Nelson Coleman Correctional Center, Elayn Hunt Correctional Center, and Allen Correctional Center that he was denied "adequate" medical care for the treatment of an illness borne while incarcerated as well as his pre-existing bipolar condition.

The relief sought is only from the State of Louisiana, Through the Department of Public Safety and Corrections. No mention is made that any officials at Nelson Coleman

2

Correctional Center did any act or omission. The claim for failure to provide appropriate psychiatric counseling and drug therapy does not rise to a constitutional violation. The failure to provide "adequate" medical care for his bipolar disorder is without any specific fact that the named officials of Nelson Coleman Correctional Center omitted or failed to provide. The Court should not accept these legal conclusions without any factual allegations.

Further, the plaintiff's complaint against Nelson Coleman Correctional Center should be dismissed for failure to state a claim upon which relief can be granted as there is no legal entity capable of being sued known as Nelson Coleman Correctional Center.

## LAW AND ARGUMENT SUPPORTING RULE 12 MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twonmbly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inference in favor of the plaintiff." Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 149-50.

## STATE LAW CLAIMS

Should this Court dismiss plaintiffs' claims under federal law as a result of this motion for dismissal pursuant to Rule 12(b)(6), defendants, Roland Ladreyt, in his

3

official capacity as warden of Nelson Coleman Correctional Center, Tiffany Morales, in her official capacity as a classification officer at Nelson Coleman Correctional Center, Jason Asbill, in his official capacity as a deputy at Nelson Coleman Correctional Center, and Nelson Coleman Correctional Center respectfully request this Court to dismiss plaintiff's state law claims, if any, for want of jurisdiction. In the alternative, defendants, Roland Ladreyt, in his official capacity as warden of Nelson Coleman Correctional Center, Tiffany Morales, in her official capacity as a classification officer at Nelson Coleman Correctional Center, Jason Asbill, in his official capacity as a deputy at Nelson Coleman Correctional Center, and Nelson Coleman Correctional Center assert that plaintiff will not be able to carry his burden of proof on any state law claim.

## CONCLUSION

For all of the aforesaid reasons, defendants, Roland Ladreyt, in his official capacity as warden of Nelson Coleman Correctional Center, Tiffany Morales, in her official capacity as a classification officer at Nelson Coleman Correctional Center, Jason Asbill, in his official capacity as a deputy at Nelson Coleman Correctional Center, and Nelson Coleman Correctional Center pray that the Complaint and Supplemental and Amended Complaint against them be dismissed, with prejudice, at plaintiff's costs.

Respectfully submitted,

/s/ Don Almerico
Don Almerico (#2427)
11 James Blvd., Suite 200
St. Rose, LA 70087
(504) 461-9786
(504) 461-9755 Fax
don@almericolaw.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was served on all counsel of record through the CM/ECF system and/or by U.S. Mail, postage prepaid and properly addressed this 19th day of September, 2011.

/s/ Don Almerico

_____

Don Almerico