UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLO E. LOGIUDICE, JR. | * | CIVIL ACTION 10-3213, "N"(3) |
| | * | |
| VERSUS | * | JUDGE ENGELHARDT |
| | * | |
| NELSON COLEMAN CORRECTIONAL CENTER, ET AL. | * * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS

Plaintiff Nicolo E. Logiudice, Jr., through his undersigned counsel and pursuant to the Court's order of October 13, 2011 (rec. doc. 34), submits this response to (1) the motion to dismiss defendant State of Louisiana, through the Department of Public Safety and Corrections (the "DPSC") (rec. doc. 24), and (2) the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendants (a) Roland Ladreyt ("Ladreyt"), in his official capacity as warden of Nelson Coleman Correctional Center ("NCCC"), (b) Tiffany Morales ("Morales"), in her official capacity as a classification officer at NCCC, (c) Jason Asbill ("Asbill"), in his official capacity as a deputy at NCCC, and (d) NCCC (rec. doc. 27). As the following establishes, DPSC's motion to dismiss should be granted – DPSC is not a proper defendant in this Section 1983 action. Similarly, NCCC should be dismissed because it is not a proper defendant in this Section 1983 action. Finally, Ladreyt, Morales, and Asbill, **in their official capacities,** should be dismissed; however, plaintiff should be given leave to amend to file a second supplemental and amended complaint that names Ladreyt, Morales, and Asbill (along with the other individual defendants named in plaintiff's pro se supplemental and amended complaint) as individuals acting under color of state law.

## BACKGROUND

In 2008, plaintiff pled guilty to possession of cocaine and drug paraphernalia in Jefferson Parish. He was sentenced to two years in prison in November 2008. He began serving his sentence at NCCC in St. Charles Parish; he was at NCCC from November 2008 until June 2009. In June 2009, plaintiff inexplicably was transferred to the Elayn Hunt Correctional Center in Iberville Parish ("Hunt"). In July 2009, plaintiff again inexplicably was transferred, this time to Allen Correctional Center in Allen Parish ("Allen"). Plaintiff was incarcerated at Allen until October 2009, when he was released on parole. Plaintiff's civil rights were violated while he was incarcerated.

After his release, plaintiff received leave from this Court to proceed in forma pauperis (rec. docs. 1 and 2). Plaintiff then filed his original complaint pro se on September 23, 2010 against NCCC, Hunt, and Allen. Plaintiff alleged that his civil rights were violated while he was incarcerated and, without specifically pleading so, sought relief under 42 U.S.C. § 1983 ("Section 1983") (rec. doc. 3).

In brief, plaintiff's troubles in prison began when other inmates at NCCC improperly identified him as a "rat" or a "snitch." Plaintiff was denied assistance by Morales at NCCC after he reported that other inmates thought him a rat and told Morales that he feared for his safety. Rather than being segregated from the general prison population, though, plaintiff then was returned to the general population in a tier where the other inmates were well aware of his alleged rat status. In that tier, plaintiff was given a cup of coffee by another inmate that apparently had been contaminated with some sort of toxic substance.[1] After plaintiff drank the

---

[1]   Plaintiff presently believes that the coffee contained dissolved and partly-dissolved asbestos fiber material.

2

coffee, he heard other inmates on the tier make comments like "the rats dead," "the rat is going to be squirming," and "we finally got the rat."

The following day, plaintiff became extremely ill – among other things, his head was pounding and his blood pressure was very high.[2] He reported his condition to the guards, but was denied proper medical care. Asbill placed plaintiff in an isolated cell because he was sick. Asbill returned the next day and sprayed plaintiff with mace for no stated reason.

Plaintiff's troubles continued at Hunt. There, plaintiff's regular bipolar disorder medication dosage was increased six-fold without his informed consent. Plaintiff was threatened with being placed in the psychiatric ward at Hunt. The psychologist at Hunt threatened plaintiff and his family with an additional year of incarceration. Plaintiff was placed in a cell at Hunt with another prisoner who was a well-known predator classified **not to share** a cell with another prisoner. Plaintiff was sexually assaulted at Hunt. Plaintiff was denied proper medical care and treatment at Hunt, and believes that he may have been subjected to improper chemotherapy treatments. Finally, at Allen, plaintiff improperly was placed in "lock-up" under suicide watch and was threatened with an additional year of incarceration. Plaintiff attempted – as best a pro se litigant could – to state his claims in his original complaint (rec. doc. 3).

On November 30, 2010, on the basis of the plaintiff's original complaint, the Magistrate Judge recommended that this action be dismissed under 28 U.S.C. § 1915(e)(2) (rec. doc. 4). Over objection by the plaintiff, the Magistrate Judge's recommendation was adopted and approved by the District Judge on October 15, 2010 and plaintiff's claims were dismissed with prejudice (rec. docs. 5, 6, 7). Plaintiff appealed. The United States Fifth Circuit Court of Appeals found that the plaintiff's objections to the Magistrate Judge's report, taken with his

---

[2] Plaintiff's illnesses and symptoms continue to this day.

initial complaint, "advised the district court that he sought to amend his complaint to name several individuals as defendants." Accordingly, on May 18, 2011 the Fifth Circuit found that this Court abused its discretion by denying plaintiff the opportunity to amend and remanded for further proceedings consistent with its opinion (rec. doc. 15).

On remand, this Court ordered that plaintiff file an amended complaint (rec. doc. 17). Plaintiff did so pro se on August 3, 2011. Plaintiff's supplemental and amended complaint sought civil rights relief under 42 U.S.C. § 1981, *et seq.* "to redress the deprivation under color of law . . . of rights guaranteed the plaintiff by the Eighth Amendment to the United States Constitution." Plaintiff's pro se supplemental and amended complaint named the following defendants:

- the DPSC

- Ladreyt, "in his official capacity as warden of [NCCC]"

- Howard Prince, "in his official capacity as warden of [Hunt]"

- Terry Terrell, "in his official capacity as warden of Allen"

- Asbill, "in his official capacity as a deputy at [NCCC]"

- Morales, "in her official capacity as a classification officer at [NCCC]"

- Seth Smith, "in his official capacity as deputy warden for health care services at [Hunt]"

- Five John/Jane Doe medical care providers at Hunt or Allen (head psychiatrist, nurse practitioner, psychologist, psychiatrist, and medical doctor), each named in his or her "official capacity" at Hunt or Allen (collectively the "Medical Defendants")

Plaintiff's pro se supplemental and amended complaint sought monetary relief but only sought relief from the DPSC specifically in its prayer (rec. doc. 20).

4

In response to plaintiff's pro se supplemental and amended complaint, the motions to dismiss presently before the Court were filed (rec. docs. 24 and 27). Plaintiff then engaged undersigned counsel, who enrolled as counsel of record and obtained an extension of time within which to respond to the pending motions to dismiss (rec. docs. 33 and 34). Plaintiff now submits this opposition and agrees that DPSC and NCCC should be dismissed. Additionally, plaintiff agrees that the official capacity claims against Ladreyt, Morales, and Asbill should be dismissed; however, plaintiff should be given leave to amend to file a second supplemental and amended complaint that names Ladreyt, Morales, and Asbill (along with the Medical Defendants) as individuals acting under color of state law.

## ARGUMENT

### I.     Dismissal of DPSC and NCCC is Proper

Claims under Section 1983 may be asserted only against "persons" as the statute and case law define that term. Will v. Michigan Dep't of St. Police, 491 U.S. 58 (1989). As the DPSC correctly notes in its submission, the law is clear that the DPSC is not a person capable of being sued under Section 1983. E.g., Washington v. State of La., Dept. of Pub. Safety & Corrections, 425 Fed. Appx. 330, 333 and n.2 (5th Cir. 2011) (per curiam) (citations omitted). As such, the DPSC should be dismissed from this lawsuit.

In a similar vein, NCCC should be dismissed. A prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not "persons" for purposes of suit under Section 1983, as the statute and case law define that term. See, e.g., Rinker v. Harrison, 2010 U.S. Dist. LEXIS 117651 (E.D. La. Sept. 10, 2010) (no claim can be asserted under Section 1983 against Orleans Parish Prison); Fair v. Crochet, 2009 U.S. Dist. LEXIS

124675 (E.D. La. Dec. 4, 2009) (no claim can be asserted under Section 1983 against the "Assumption Parish Detention Center Medical Staff"). Thus, NCCC should be dismissed.

### II. Plaintiff Should Be Given Leave to Amend to Name Ladreyt, Morales, and Asbill (Along with the Medical Defendants) as Individuals Acting Under Color of State Law

As noted above, plaintiff has named Ladreyt, Morales, and Asbill (plus the Medical Defendants) as defendants in their "official capacities." That is improper in a Section 1983 lawsuit. Accordingly, the official capacity claims against Ladreyt, Morales, Asbill, and the Medical Defendants should be dismissed. The plaintiff should, though, be granted leave to amend to properly name Ladreyt, Morales, and Asbill (and the Medical Defendants) as individual defendants acting under color of state law.

The Eleventh Amendment to the United States Constitution prohibits the bringing of a lawsuit in federal court against a state, its agencies, or persons acting as official representatives thereof. *See, e.g.,* McGrew v. Roundtree, 2010 U.S. Dist. LEXIS 86767 (M.D. La. June 3, 2010). In Hafer v. Melo, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity suits and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.

In comparison, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon the official for actions taken by the official under color of state law, is not treated as a suit against the state. Thus, a showing by a plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a Section 1983 lawsuit.

McGrew, *supra* (citations omitted).  These precepts show that the official capacity claims against Ladreyt, Morales, Asbill, and the Medical Defendants should be dismissed.  However, the plaintiff should be granted leave to amend to name Ladreyt, Morales, and Asbill (and the Medical Defendants) as individual defendants acting under color of state law.

As noted, plaintiff filed his supplemental and amended complaint pro se.  A pro se litigant is "entitled to special accommodation by the judiciary."  Romero v. Becken, 256 F.3d 349, 353 (5th Cir. 2001).[3]  A pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers.  McGrew, *supra* (*citing* Erickson v. Pardus, 551 U.S. 89 (2007)).  Moreover, "[g]enerally, a district court errs in dismissing a pro se complaint without giving the plaintiff an opportunity to amend."  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1996).   These principals ring even truer in instances like this where a previously pro se litigant has retained counsel who will be able to avoid pro se pleading errors going forward.  Accordingly, the plaintiff should be granted leave to amend to name Ladreyt, Morales, and Asbill (and the Medical Defendants) as individual defendants acting under color of state law.

---

[3] Indeed, even after the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally."  Harris v. Mills, 572 F.3d 66, 72 (2nd Cir. 2009) (citations omitted).

## CONCLUSION

As the foregoing establishes, DPSC and NCCC should be dismissed.  Additionally, the official capacity claims against Ladreyt, Morales, and Asbill should be dismissed; however, plaintiff should be given leave to amend to file a second supplemental and amended complaint that names Ladreyt, Morales, and Asbill (along with the Medical Defendants) as individuals acting under color of state law.

Respectfully submitted,

*/s/ Richard L. Traina*
**RICHARD L. TRAINA, T.A., La. Bar No. 22170**
Didriksen Law Firm
3114 Canal Street
New Orleans, LA 70119
Telephone:  (504) 586-1600
Facsimile:  (504) 822-3119
Email:  rtraina@didriksenlaw.com

## Certificate of Service

I hereby certify that on Nov. 2, 2011, this pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Richard L. Traina*