## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NICOLO EVOLA LOGIUDICE, JR.**                         **CIVIL ACTION**

**VERSUS**                                              **NO. 10-3213**

**NELSON COLEMAN**                                      **SECTION "N"(3)**
**CORRECTIONAL CENTER, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Nicolo Evola Logiudice, Jr., filed this civil action pursuant to 42 U.S.C. § 1983.

In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

On September 30, 2010, the undersigned United States Magistrate Judge issued a report

noting that the only defendants listed on the complaint were the Nelson Coleman Correctional

Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center. Because prisons are

buildings, not "persons" subject to suit under § 1983, the undersigned recommended that plaintiff's

complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for otherwise failing

to state a claim on which relief may be granted.[1]  On October 12, 2010, plaintiff filed objections to

the Report and Recommendation, indicating that he wished to amend the complaint to attempt to

---

[1]   Rec. Doc. 4; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2010 WL
4103078 (E.D. La. Sept. 30, 2010).

name proper defendants.[2]  On October 15, 2010, the United States District Judge adopted the Report and Recommendation and dismissed the case with prejudice.[3]

Plaintiff appealed.[4]  On May 18, 2011, the United States Fifth Circuit Court of Appeals vacated the judgment and remanded the matter, holding:  "Because Logiudice's objections to the magistrate judge's report, taken together with his initial complaint, clearly advised the district court that he sought to amend his complaint to name several individuals as defendants, the district court abused its discretion by denying Logiudice the opportunity to amend."[5]

On August 3, 2011, plaintiff filed an amended complaint naming the following additional defendants: the State of Louisiana, through the Louisiana Department of Public Safety and Corrections; Captain Roland Ladreyt; Howard Prince; Terry Terrell; Jason Asbill; Tiffany Morales; Seth Smith; "Head Psychiatrist John Doe"; "Nurse Practitioner Jane Doe"; "Psychologist John Doe"; "Psychiatrist John Doe"; and "Medical Doctor Jane Doe."  All of the individuals named were sued in only their official capacities.[6]

Currently pending before the Court are two motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6).  The first motion was filed by the State of Louisiana, through the Department of Public

---

[2]  Rec. Doc. 5.

[3]  Rec. Docs. 6 and 7; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2010 WL 4103348 (E.D. La. Oct. 15, 2010).

[4]  Rec. Doc. 8.

[5]  Rec. Doc. 15; Logiudice v. Nelson Coleman Correctional Center, 425 Fed. App'x 413 (5th Cir. 2011).

[6]  Rec. Doc. 20.

Safety and Corrections, on September 14, 2011.[7]  The second motion was filed by Roland Ladreyt, Tiffany Morales, Jason Asbill, and the Nelson Coleman Correctional Center on September 19, 2011.[8]  On November 2, 2011, plaintiff filed a response to the motions in which he conceded that the motions had merit and should be granted.

In considering a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted).  That said, to survive such a motion, the plaintiff still "must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

With those standards in mind, it is apparent that the unopposed motions to dismiss should be granted for the following reasons.

---

[7]  Rec. Doc. 24.

[8]  Rec. Doc. 27.

3

As the defendants argued, and as plaintiff conceded, a state and its agencies simply are not "persons" subject to suit pursuant to § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).[9]

As the defendants also argued, and as plaintiff again conceded, the Nelson Coleman Correction Center is likewise an improper defendant, because a prison is merely a building, not a "person" amenable to suit under § 1983.  Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, Civ. Action No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, Civ. Action No. 09-7670, 2010 WL 55447, at *2 (E.D. La.

---

[9]    The Court additionally notes that any § 1983 claims against the State of Louisiana and the Department of Public Safety and Corrections would also barred by the Eleventh Amendment.  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent.").

Jan. 7, 2010); <u>Castillo v. Blanco</u>, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007).

Lastly, the defendants argued that the official-capacity claims against Roland Ladreyt, Tiffany Morales, and Jason Asbill should be dismissed.  In his response to the motion to dismiss, plaintiff acknowledged that he should have asserted his claims against those defendants in their *individual* capacities, not their *official* capacities.[10]  Accordingly, plaintiff conceded that the official-capacity claims should be dismissed.[11]

Accordingly, in light of law and plaintiff's concessions, the undersigned finds that the defendants' unopposed motions to dismiss should be **GRANTED**.

### <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that the motion to dismiss filed by the State of Louisiana, through the Department of Public Safety and Corrections, Rec. Doc. 24, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the motion to dismiss filed by Roland Ladreyt, Tiffany Morales, Jason Asbill, and the Nelson Coleman Correctional Center, Rec. Doc. 27, be

---

[10]   "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999).   Therefore, official-capacity claims are not claims against the purported tortfeasors themselves but are instead claims against the governmental entity they serve.

[11]   Plaintiff contends that he should be granted leave to file an amended complaint to assert such individual-capacity claims against the defendants.  However, the Court need not address that contention at this juncture, in that no such proper motion for leave has yet been filed.  If plaintiff wishes to file such a motion, he may do so.  The defendants may then respond to that motion, and the Court will at that time consider the propriety of the proposed amendments.

**GRANTED** and that the claims against Ladreyt, Morales, and Asbill in their official capacities and the claims against the Nelson Coleman Correctional Center be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this third day of January, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12]    Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

6