UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLO E. LOGIUDICE, JR. | * | CIVIL ACTION 10-3213, "N"(3) |
| | * | |
| VERSUS | * | JUDGE ENGELHARDT |
| | * | |
| NELSON COLEMAN CORRECTIONAL CENTER, ET AL. | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Nicolo E. Logiudice, Jr. ("Logiudice"), through his undersigned counsel and pursuant to 28 U.S.C. §636(b)(1), submits this objection to the Magistrate Judge's report and recommendation dated January 3, 2012 in this matter (the "Report," rec. doc. 36). As the following shows, after a *de novo* determination,[1] the district court should modify the Report to provide that Logiudice's claims are dismissed **without prejudice** and with leave to file a second supplemental and amended complaint so that he may properly name the liable parties as individuals acting under color of state law as opposed to as individuals acting in their official capacities.

**BACKGROUND**

In 2008, Logiudice pled guilty to possession of cocaine and drug paraphernalia in Jefferson Parish. He was sentenced to two years in prison in November 2008. He began serving his sentence in Jefferson Parish but then inexplicably was transferred to the Nelson Coleman Correctional Center in St. Charles Parish ("Coleman"). Logiudice was at Coleman from November 2008 until June 2009. In June 2009, Logiudice was transferred to the Elayn Hunt

---

[1] *See* 28 U.S.C. § 636(b)(1).

Correctional Center in Iberville Parish ("Hunt"). In July 2009, Logiudice again inexplicably was transferred, this time to Allen Correctional Center in Allen Parish ("Allen"). Logiudice was incarcerated at Allen until October 2009, when he was released on parole. Logiudice's civil rights were violated while he was incarcerated.

After Logiudice was released, he received leave from this Court to proceed in forma pauperis (rec. docs. 1 and 2). Logiudice then filed his original complaint pro se on September 23, 2010 against Coleman, Hunt, and Allen. Logiudice alleged that his civil rights were violated while he was incarcerated and, without specifically pleading so, sought relief under 42 U.S.C. § 1983 ("Section 1983") (rec. doc. 3).

In brief, Logiudice's troubles in prison began when other inmates at Coleman improperly identified him as a "rat" or a "snitch." Logiudice was denied assistance by a "classification officer" at Coleman, defendant Tiffany Morales ("Morales"), after he reported that he had wrongly been tagged as a "rat" and told Morales that he feared for his safety. Notwithstanding Logiudice's plea for help, he was returned to the general prison population in a tier with inmates who knew he had been labeled a "rat." In that tier, Logiudice was given a cup of coffee by another inmate that apparently had been contaminated with some sort of toxic substance.[2] After plaintiff drank the coffee, he heard other inmates on the tier make comments like "the rats dead," "the rat is going to be squirming," and "we finally got the rat."

The following day, Logiudice became ill – his head was pounding and his blood pressure was very high. He reported his condition to the guards, but was denied proper medical care. Defendant Jason Asbill, a deputy at Coleman ("Asbill"), placed Logiudice in an isolated cell

---

[2] Logiudice presently believes that the coffee contained dissolved and partly dissolved asbestos fiber material.

because he was sick but denied Logiudice medical care. Asbill returned the next day and sprayed Logiudice with mace for no reason.

Logiudice's troubles continued at Hunt. There, Logiudice's bipolar disorder medication was increased six-fold without his informed consent. Logiudice was threatened with being placed in the psychiatric ward at Hunt. The psychologist at Hunt threatened Logiudice and his family with an additional year of incarceration. Logiudice was placed in a cell at Hunt with another prisoner who was a well-known predator classified not to share a cell with another prisoner. Logiudice was sexually assaulted at Hunt. Logiudice was denied proper medical care and treatment at Hunt, and further believes that he may have been subjected to improper medical treatment, including unwarranted chemotherapy. Finally, at Allen, Logiudice improperly was placed in "lock-up" under suicide watch and again was threatened with an additional year of incarceration. Logiudice attempted – as best a pro se litigant could – to state his claims in his original complaint (rec. doc. 3).

On November 30, 2010, the Magistrate Judge recommended that this action be dismissed under 28 U.S.C. § 1915(e)(2) (rec. doc. 4). Over objection by the Logiudice, the Magistrate Judge's recommendation was adopted and approved by the District Judge on October 15, 2010 and Logiudice's claims were dismissed with prejudice (rec. docs. 5, 6, 7). Logiudice appealed. The United States Fifth Circuit Court of Appeals found that the Logiudice's objections to the Magistrate Judge's report, taken with his initial complaint, "advised the district court that he sought to amend his complaint to name several individuals as defendants." Accordingly, on May 18, 2011 the Fifth Circuit found that this Court abused its discretion by denying Logiudice the opportunity to amend and remanded for further proceedings consistent with its opinion (rec. doc. 15).

On remand, this Court ordered that Logiudice file an amended complaint (rec. doc. 17). Logiudice did so pro se on August 3, 2011. Logiudice's supplemental and amended complaint sought civil rights relief under 42 U.S.C. § 1981, *et seq.* "to redress the deprivation under color of law . . . of rights guaranteed the Logiudice by the Eighth Amendment to the United States Constitution." Logiudice's pro se supplemental and amended complaint named the following defendants:

- The State of Louisiana, through the Department of Public Safety and Corrections (the "DPSC")

- Coleman

- Roland Ladreyt ("Ladreyt"), "in his official capacity as warden of [Coleman]"

- Howard Prince ("Prince"), "in his official capacity as warden of [Hunt]"

- Terry Terrell ("Terrell"), "in his official capacity as warden of Allen"

- Asbill, "in his official capacity as a deputy at [Coleman]"

- Morales, "in her official capacity as a classification officer at [Coleman]"

- Seth Smith ("Smith"), "in his official capacity as deputy warden for health care services at [Hunt]"

- Five John/Jane Doe medical care providers at Hunt or Allen (head psychiatrist, nurse practitioner, psychologist, psychiatrist, and medical doctor), each named in his or her "official capacity" at Hunt or Allen (collectively the "Medical Defendants")

Logiudice's pro se supplemental and amended complaint sought monetary relief and only sought relief from the DPSC specifically in its prayer (rec. doc. 20).

In response to Logiudice's pro se supplemental and amended complaint, the DPSC filed a motion to dismiss. Separately, Ladreyt, Morales, Asbill, and Coleman filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (rec. docs. 24 and 27). Logiudice then

engaged undersigned counsel, who enrolled as counsel of record and obtained an extension of time within which to respond to the pending motions to dismiss (rec. docs. 33 and 34).

On November 2, 2011, Logiudice submitted a response to the motions to dismiss (rec. doc. 35). Logiudice agreed that the DPSC and Coleman should be dismissed. Additionally, Logiudice agreed that the official capacity claims against Ladreyt, Morales, and Asbill should be dismissed. However, Logiudice also urged that he should be given leave to amend to file a second supplemental and amended complaint that properly names Ladreyt, Morales, and Asbill (along with the Medical Defendants and other liable parties) as individuals acting under color of state law. Apparently, the defendants agreed with Logiudice's position. No replies to Logiudice's response to the motions to dismiss were filed. Terrell's attorney asked Logiudice's attorney to amend the official capacity claims against Terrell to individual acting under color of state law claims when the leave to amend that all thought would occur was granted (See Exhibit A).

On January 3, 2012, the Magistrate Judge issued the Report (rec. doc. 36). Notwithstanding the special accommodation that should be given to pro se litigants and the precept that courts should dismiss claims with prejudice only in rare instances, the Report recommended that both the motion to dismiss filed by DPSC and the motion to dismiss filed by Ladreyt, Morales, Asbill, and Coleman be granted and that Logiudice's claims be **dismissed with prejudice** (rec. doc. 36). Loguidice now submits this objection to show that the Magistrate Judge erred and that the district court should modify the Report to provide that Logiudice's claims are dismissed **without prejudice** and with leave to file a second supplemental and

amended complaint so that he may properly name the liable parties as individuals acting under color of state law as opposed to individuals acting in their official capacities.[3]

## ARGUMENT

As noted above, Logiudice's improper "individuals acting in their official capacities" claims were asserted pro se before he engaged counsel. Counsel recognized the pro se pleading errors committed by Logiudice and, in response to the motions to dismiss that were filed, asked for leave to amend to cure the errors. A pro se litigant is "entitled to special accommodation by the judiciary." Romero v. Becken, 256 F.3d 349, 353 (5th Cir. 2001).[4]

A pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *See* McGrew v. Roundtree, 2010 U.S. Dist. LEXIS 86767 (M.D. La. June 3, 2010) (*citing* Erickson v. Pardus, 551 U.S. 89 (2007)). Moreover, "[g]enerally, a district court errs in dismissing a pro se complaint without giving the plaintiff an opportunity to amend." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1996). These principals ring even truer in instances like this where a previously pro se litigant has retained counsel who has recognized prior pro se pleading errors and should be able to correct and avoid them going forward. Nevertheless, the Magistrate Judge dismissed Logiudice's claims with prejudice and without leave to amend.

Fifth Circuit cases support the premise that granting leave to amend is especially appropriate where a case has been dismissed for failure to state a claim. Griggs v. Hinds Jr.

---

[3] Logiudice recognizes that his claims against the DPSC and Coleman cannot be salvaged by amendment.

[4] Indeed, even after the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2nd Cir. 2009) (citations omitted).

College, 563 F.2d 179, 180 (5th Cir. 1977) (*per* curium) (addressing Rule 12(b)(6) dismissal). As a leading treatise acknowledges,

> dismissal under Rule 12(b)(6) generally is not final or on the merits and *the court normally will give plaintiff leave to file an amended complaint*. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow *at least* one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 360-67 (2d ed. 1990) (emphasis added) (footnotes omitted); *see* id. at 361 n.81 (collecting cases). *See also* Ramsey v. Signal Delivery Serv., Inc., 631 F.2d 1210, 1214 (5th Cir. 1980) (dismissal with prejudice is a severe sanction that only should be used in extreme circumstances). There is no indication that Logiudice could not amend to properly assert individuals acting under color of state law claims. *See* Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) (noting that a court properly may refuse to allow leave to amend pleadings when, *inter alia*, the proposed changes would be futile).

As noted, Logiudice requested leave to amend in his response to the motions to dismiss. It "is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs **at least** one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal. Id.

Here, Logiudice's pleading defects are not incurable – to the contrary, they are easily cured by amendment to state claims against individuals acting under color of state law. Additionally, Logiudice plainly has advised the Court that he is willing to amend in a manner that will avoid dismissal by clearly requesting leave to do so in his response to the motions to dismiss (See rec. doc. 35, pp. 1, 5, 6, 7, and 8).[5]  This situation is not like that addressed by the Fifth Circuit in Great Plains Trust.  There, the court "carefully studied the record" and found in plaintiffs' reply and objections to defendants' motion for judgment on the pleadings "only a narrow assertion that 'plaintiffs should be given the opportunity to amend their Complaint.'"  Moreover, the contention was made in the alternative in a footnote in the limited context of one of plaintiffs' claims.  313 F.3d at 330.  In stark contrast, here Logiudice repeatedly exhorted the Court to allow him leave to amend in his response to the motions to dismiss.

Finally, the Magistrate Judge did acknowledge in a footnote that Logiudice contended that he should be granted leave to amend.  The Magistrate Judge found that "the Court need not address that contention at this juncture, in that no such proper motion for leave has yet been filed" (rec. doc. 36, n. 11).  After recommending that the motions to dismiss be granted and Logiudice's claims be dismissed with prejudice, the Magistrate Judge invited Logiudice to file a motion for leave to amend (id.).   Nevertheless, Logiudice submits that the relief he seeks in this objection - modification by the district court of the Report to provide that his claims are dismissed **without prejudice** and with leave to file a second supplemental and amended complaint so that he may properly name the liable parties as individuals acting under color of state law – rests on firmer theoretical grounds.

---

[5]  Logiudice's response to the motions to dismiss only contained eight pages; thus, he requested leave to amend on all but three pages of his response (See rec. doc. 35).

8

A dismissal with prejudice would preclude the filing of a motion for leave to amend. A "dismissal with prejudice is tantamount to a judgment on the merits." Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985). When a district court dismisses an action and enters a final judgment, a plaintiff may request leave to amend only by either appealing the judgment or seeking to alter or reopen the judgment under Rule 59 or 60. Conry v. Daugherty, 2011 U.S. Dist. LEXIS 117144 (E.D. La. Oct. 11, 2011) (quotations omitted) (*citing* United States ex rel. Hebert v. Dizney, 295 Fed, Appx. 717, 724 (5th Cir. 2008); Rosenzweig v. Azurix Corp., 333 F.3d 854, 865 (5th Cir. 2003)). As such, Logiudice submits that modification by the district court of the Report to provide that his claims are dismissed **without prejudice** and with leave to file a second supplemental and amended complaint so that he may properly name the liable parties as individuals acting under color of state law is appropriate.

## CONCLUSION

As the foregoing establishes, the district court should modify the Report to provide that Logiudice's claims are dismissed **without prejudice** and with leave to file a second supplemental and amended complaint so that he may properly name the liable parties as individuals acting under color of state law as opposed to individuals acting in their official capacities.

    Respectfully submitted,

*/s/ Richard L. Traina*
**RICHARD L. TRAINA, T.A., La. Bar No. 22170**
Didriksen Law Firm
3114 Canal Street
New Orleans, LA 70119
Telephone:  (504) 586-1600
Facsimile:  (504) 822-3119
Email:  rtraina@didriksenlaw.com

**Certificate of Service**

  I hereby certify that on January 17, 2012, this pleading was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                         */s/ Richard L. Traina*