# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLO EVOLA LOGIUDICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3213** |
| **NELSON COLEMAN CORRECTIONAL CENTER, ET AL.** | **SECTION "N"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

On September 21, 2010, plaintiff, Nicolo Evola Logiudice, Jr., filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

On September 30, 2010, the undersigned United States Magistrate Judge issued a report noting that the only defendants listed on the complaint were the Nelson Coleman Correctional Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center. Because prisons are buildings, not "persons" subject to suit under § 1983, the undersigned recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for otherwise failing

to state a claim on which relief may be granted.[1] On October 12, 2010, plaintiff filed objections to the Report and Recommendation, indicating that he wished to amend the complaint to attempt to name proper defendants.[2] On October 15, 2010, the United States District Judge adopted the Report and Recommendation and dismissed the case with prejudice.[3]

Plaintiff appealed.[4] On May 18, 2011, the United States Fifth Circuit Court of Appeals vacated the judgment and remanded the matter, holding: "Because Logiudice's objections to the magistrate judge's report, taken together with his initial complaint, clearly advised the district court that he sought to amend his complaint to name several individuals as defendants, the district court abused its discretion by denying Logiudice the opportunity to amend."[5]

On August 3, 2011, plaintiff filed an amended complaint naming the following additional defendants: the State of Louisiana, through the Louisiana Department of Public Safety and Corrections; Captain Roland Ladreyt; Howard Prince; Terry Terrell; Jason Asbill; Tiffany Morales; Seth Smith; "Head Psychiatrist John Doe"; "Nurse Practitioner Jane Doe"; "Psychologist John Doe";

---

[1] Rec. Doc. 4; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2010 WL 4103078 (E.D. La. Sept. 30, 2010).

[2] Rec. Doc. 5.

[3] Rec. Docs. 6 and 7; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2010 WL 4103348 (E.D. La. Oct. 15, 2010).

[4] Rec. Doc. 8.

[5] Rec. Doc. 15; Logiudice v. Nelson Coleman Correctional Center, 425 Fed. App'x 413 (5th Cir. 2011).

"Psychiatrist John Doe"; and "Medical Doctor Jane Doe." All of the individuals named were sued in only their official capacities.[6]

On February 28, 2012, the Court dismissed the claims against the following defendants with prejudice: the State of Louisiana, through the Louisiana Department of Public Safety and Corrections; Roland Ladreyt, Tiffany Morales, and Jason Asbill in their official capacities; and the Nelson Coleman Correctional Center. The Court further granted plaintiff "ten days to file a second supplemental and amended complaint so that he may properly name the allegedly liable parties as individuals acting under color of state law as opposed to as individuals acting in the official capacities."[7]

On March 9, 2012, plaintiff filed a second supplemental and amended complaint naming the following defendants: Roland Ladreyt; Howard Prince; Terry Terrell; Jason Asbill; Tiffany Morales; Seth Smith; "Head Psychiatrist John Doe"; Paul Adams; "Nurse Practitioner Jane Doe"; "Psychologist John Doe"; "Psychiatrist John Doe"; "Dr. Jane Doe"; and various unnamed prisoners. This time, all of the defendants were sued in their individual capacities.[8]

---

[6] Rec. Doc. 20.

[7] Rec. Doc. 39; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2012 WL 641826 (E.D. La. Feb. 28, 2012).

[8] Rec. Doc. 40.

On March 13, 2012, plaintiff's counsel filed a motion to withdraw.[9] On March 15, 2012, the United States District Judge denied that motion.[10]

On July 18, 2012, the undersigned United States Magistrate Judge entered the following order:

> Several defendants have not yet made appearances in this lawsuit; however, no proof of service on those defendants appears in the record.
> Accordingly,
> **IT IS ORDERED** that plaintiff and his counsel make all necessary arrangements to have those defendants properly served on or before August 17, 2012, and to have proof of such service filed into the record.
> If service is not effected as ordered, **IT IS FURTHER ORDERED** that plaintiff show cause in writing by that same date why the claims against those defendants should not be dismissed.[11]

As of this date, plaintiff has neither filed proof of service into the record nor shown cause in writing as to his claims against the unserved defendants should not be dismissed.

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Despite being ordered to do so, plaintiff has filed no proof in the record showing that defendants Howard Prince, Seth Smith, and Paul Adams have been served. Moreover, the deadline

---

[9] Rec. Doc. 41.

[10] Rec. Doc. 43.

[11] Rec. Doc. 44.

4

for service in Rule 4(m) expired long ago, and plaintiff has failed to show good cause for his failure to serve those defendants. Accordingly, the claims against Prince, Smith, and Adams should be dismissed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the claims against Howard Prince, Seth Smith, and Paul Adams be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this twenty-sixth day of November, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.