UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLO EVOLA LOGIUDICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3213-DEK** |
| **NELSON COLEMAN CORRECTIONAL CENTER, ET AL.** | |

### ORDER AND REASONS

Plaintiff, Nicolo Evola Logiudice, Jr., filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

On September 30, 2010, the undersigned United States Magistrate Judge issued a report noting that the only defendants listed on the complaint were the Nelson Coleman Correctional Center, the Elayn Hunt Correctional Center, and the Allen Correctional Center. Because prisons are buildings, not "persons" subject to suit under § 1983, the undersigned recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for otherwise failing to state a claim on which relief may be granted.[1] On October 12, 2010, plaintiff filed objections to the Report and Recommendation, indicating that he wished to amend the complaint to attempt to

---

[1] Rec. Doc. 4; Logiudice v. Nelson Coleman Correctional Center, No. 10-3213, 2010 WL 4103078 (E.D. La. Sept. 30, 2010).

name proper defendants.[2]  On October 15, 2010, the United States District Judge adopted the Report and Recommendation and dismissed the case with prejudice.[3]

Plaintiff appealed.[4]  On May 18, 2011, the United States Fifth Circuit Court of Appeals vacated the judgment and remanded the matter, holding:  "Because Logiudice's objections to the magistrate judge's report, taken together with his initial complaint, clearly advised the district court that he sought to amend his complaint to name several individuals as defendants, the district court abused its discretion by denying Logiudice the opportunity to amend."[5]

On remand, plaintiff filed an amended complaint naming the following additional defendants: the State of Louisiana, through the Louisiana Department of Public Safety and Corrections; Captain Roland Ladreyt; Howard Prince; Terry Terrell; Jason Asbill; Tiffany Morales; Seth Smith; "Head Psychiatrist John Doe"; "Nurse Practitioner Jane Doe"; "Psychologist John Doe"; "Psychiatrist John Doe"; and "Medical Doctor Jane Doe."  All of the individuals named were sued in only their official capacities.[6]

On February 28, 2012, the claims against the State of Louisiana and the Nelson Coleman Correctional Center were dismissed, as were the official-capacity claims against Ladreyt, Morales,

---

[2] Rec. Doc. 5.

[3] Rec. Docs. 6 and 7; <u>Logiudice v. Nelson Coleman Correctional Center</u>, No. 10-3213, 2010 WL 4103348 (E.D. La. Oct. 15, 2010).

[4] Rec. Doc. 8.

[5] Rec. Doc. 15; <u>Logiudice v. Nelson Coleman Correctional Center</u>, 425 Fed. App'x 413 (5th Cir. 2011).

[6] Rec. Doc. 20.

and Asbill. However, plaintiff was given permission to file another amended complaint within ten days.[7]

On March 9, 2012, plaintiff filed a second supplemental and amended complaint naming the following defendants: Roland Ladreyt; Howard Prince; Terry Terrell; Jason Asbill; Tiffany Morales; Seth Smith; "Head Psychiatrist John Doe"; Paul Adams; "Nurse Practitioner Jane Doe"; "Psychologist John Doe"; "Psychiatrist John Doe"; "Dr. Jane Doe"; and various unnamed prisoners. This time, all of the defendants were sued in their individual capacities.[8]

On December 18, 2012, the individual-capacity claims against Prince, Smith, and Adams were dismissed without prejudice.[9]

The remaining parties thereafter consented to the jurisdiction of the undersigned United States Magistrate Judge.[10]

## I. Terry Terrell

Defendant Terry Terrell has now filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[11] Plaintiff has opposed that motion,[12] and Terrell has filed a reply to that opposition.[13]

---

[7] Rec. Doc. 39; Logiudice v. Nelson Coleman Correctional Center, Civ. Action No. 10-3213, 2012 WL 641826 (E.D. La. Feb. 28, 2012).

[8] Rec. Doc. 40.

[9] Rec. Doc. 47; Logiudice v. Nelson Coleman Correctional Center, Civ. Action No. 10-3213, 2012 WL 6606628 (E.D. La. Dec. 18, 2012).

[10] Rec. Doc. 51.

[11] Rec. Doc. 58.

[12] Rec. Doc. 63.

[13] Rec. Doc. 66.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

A. Individual-Capacity Claims Against Terrell

Terrell argues that he is entitled to judgment as a matter of law with the respect to the claims asserted against him in his individual capacity. For the following reasons, he is correct.

In the second and supplemental amended complaint, plaintiff alleged: "At Allen, Logiudice improperly was placed in 'lock-up' under suicide watch and again was threatened with an additional year of incarceration."[14] Terrell is the warden of the Allen Correctional Center where plaintiff was incarcerated from July through October, 2009.

As to the claim concerning the placement on suicide watch, Terrell argues in his motion that there is no allegation that he was personally involved in the decision to place plaintiff on suicide watch. It is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

In a sworn affidavit accompanying his motion, Terrell explains that he was not personally involved the decision to place plaintiff on suicide watch, stating:

> III.
> Nicolo Logiudice, Jr. was an inmate at Allen Correctional Center from July 27, 2009 through October 1, 2009. During this brief incarceration, Mr. Logiudice was placed on suicide watch status for a period of time. I had no personal involvement in the decisions to (1) place Mr. Logiudice on suicide watch status or (2) maintain Mr. Logiudice on that status. Rather, I rely primarily upon the medical staff at Allen Correctional Center, including the physicians and Health Service

---

[14] Rec. Doc. 40, p. 5, ¶ 33.

Administrator at Allen Correctional Center, to make decisions pertaining to the placement of inmates on suicide watch status.

IV.

Policies are in place at Allen Correctional Center addressing the recognition, prevention and treatment of suicide. The policies in place at Allen Correctional Center provide for an immediate response to the threat of an inmate's suicide and the proper response by all prison personnel, especially the medical staff. All employees at Allen Correctional Center receive training regarding suicide prevention, as well as the policies addressing this issue, during orientation and pre-service and in-service training courses.[15]

Ed Shirley, the Administrative Services Manager at the Allen Correctional Center, also submitted an affidavit stating that (1) the decisions regarding plaintiff's placement and maintenance on suicide watch were in fact made by a team of individuals including medical and security personnel pursuant to the jail's policies and (2) those jail policies were modeled after standards established by the American Correctional Association and the regulations of the Louisiana Department of Public Safety and Corrections.[16]

In his opposition to the motion, plaintiff tried to salvage this claim by submitting an affidavit in which he included further factual allegations. However, that affidavit failed to cure the defect noted by Terrell. Although plaintiff stated therein that he was "put in isolation on suicide watch unnecessarily" after refusing to take medication, he still did not allege that Terrell *personally* ordered the placement.[17] Again, without such personal involvement, Terrell cannot be held liable with respect to this claim. The fact that he is the warden simply is not a basis for such liability, because he cannot be held vicariously liable for the actions of his subordinates pursuant to 42 U.S.C.

---

[15] Rec. Doc. 58-3.

[16] Rec. Doc. 58-4.

[17] Rec. Doc. 63, p. 2.

§ 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

As to plaintiff's claim that he was improperly threatened with additional jail time, that claim also fails. In his motion, Terrell argued that this claim likewise failed for lack of an allegation of his personal involvement. Moreover, he alleged in his affidavit that he made no such threats, stating:

> I am aware that Mr. Logiudice has alleged that, during his incarceration at Allen Correctional Center, he was threatened with additional prison time by an unidentified prison staff member. I made no such threats to Mr. Logiudice, and I have no information that any such threat was actually made to Mr. Logiudice. The issuance of a threat of additional prison time by a prison staff member to an inmate at Allen Correctional Center is against the policies in place at the facility.[18]

In his opposition, plaintiff countered with his own affidavit disputing Terrell's contentions. In pertinent part, plaintiff stated:

> [W]ith approximately three weeks of my prison sentence left to go I was brought into Warden Terrell's office for a conversation with him and two other individuals. During that conversation Warden Terrell told me that he was aware of my situation and didn't know how I got into his facility but that if I did not drop my pending lawsuits I would be sent to a nut house for another year. When I told Warden Terrell that I would not drop my lawsuits he wished me a pleasant stay. This confrontation not only terrified me but also caused me to panic about whether I would be wrongfully incarcerated simply for exercising my rights by filing a lawsuit.[19]

In his reply to that opposition, Terrell correctly noted that the new allegations, even if accepted as true and considered, were still insufficient to defeat the motion for summary judgment because the fact in dispute simply was not *material*. He is correct. *Even if* Terrell personally threatened plaintiff in the manner alleged, verbal harassment and threatening of inmates, while

---

[18] Rec. Doc. 58-3, p. 2.

[19] Rec. Doc. 63, p. 2.

troubling and distasteful, simply do not give rise to a constitutional claim cognizable under 42 U.S.C. § 1983.  See Westbrook v. Treon, 78 Fed App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("[A]s a rule, mere threatening language and gestures of a custodial office [sic] do not, even if true, amount to constitutional violations." (internal quotation marks omitted)).

For all of the foregoing reasons, Terrell is entitled to judgment as a matter of law with respect to the individual-capacity claims asserted against him.[20]

---

[20] In the complaint, plaintiff also vaguely referenced other matters, such as purported failures to preserve his access to his administrative grievance records and medical records. However, he alleged no facts whatsoever in support of those contentions. Accordingly, to the extent that he intended those contentions as separate claims, he has failed to meet even the minimal pleading requirements to state a claim.  A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

B.  Official-Capacity Claims Against Terrell

Terrell also correctly argues in his motion that no proper official-capacity claim has been stated against him.  "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Terrell would in reality be a claim against the local governmental entity he serves. However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura,

---

entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).  Therefore, to the extent that any of plaintiff's remaining vague contentions in the complaint were intended as claims against Terrell in either his individual or official capacity, those claims are hereby being dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Case 2:10-cv-03213-DEK   Document 75   Filed 09/18/13   Page 10 of 11

76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, he has failed to state a proper official-capacity claim against Terrell, and Terrell is entitled to judgment as a matter of law with respect to any such claims against him.

## II.  Elayn Hunt Correctional Center and Allen Correctional Center

From a review of plaintiff's amended complaint, it does not appear that he is still pursuing claims against the Elayn Hunt Correctional Center and the Allen Correctional Center. However, out of an abundance of caution, the Court notes that even if he is pursuing claims against those defendants, the claims must be dismissed. As previously noted in this case, a prison is a building, not a "person" subject to suit under 42 U.S.C. § 1983. Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Dorsey v. Nelson Coleman Correctional, Civ. Action No. 09-7673, 2010 WL 677742, at *2 (E.D. La. Feb. 24, 2010); Joseph v. Nelson Coleman Correctional Center, Civ. Action No. 09-7670, 2010 WL 55447, at *2 (E.D. La. Jan. 7, 2010); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007). Therefore, on that basis, plaintiff's claims, if any, against the Elayn Hunt Correctional Center and the Allen Correctional Center shall again be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

10

**IT IS ORDERED** that the motion for summary judgment filed by Terry Terrell, Rec. Doc. 58, is **GRANTED** and that all claims against Terrell are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against the Elayn Hunt Correctional Center and the Allen Correctional Center are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this eighteenth day of September, 2013.

                                                            **DANIEL E. KNOWLES, III**
                                                            **UNITED STATES MAGISTRATE JUDGE**